**Richard A. KAIB, Plaintiff,**

v.

**PENNZOIL COMPANY, a corporation, Defendant,**

v.

**P. L. TOY; Silver Fox Oil Company, a corporation; and National Fuel Gas Corporation, a corporation, Added Defendants.**

**Civ. A. No. 81–2311.**

United States District Court, W. D. Pennsylvania.

Aug. 31, 1982.

John E. Evans, Jr., Pittsburgh, Pa., for plaintiff.

Louis Emanuel, Joseph S. D. Christof, II, Pittsburgh, Pa., Norman H. Stark, Erie, Pa., for defendants.

## OPINION

ZIEGLER, District Judge.

Presently before the court is the question of whether a diversity action timely removed should be remanded to state court because the defendant has denied liability and averred that, if plaintiff is entitled to judgment, recovery must be had against non-diverse tortfeasors. We hold that a diversity action properly removed to a federal forum pursuant to 28 U.S.C. § 1441(a) can not be remanded to a state court pursuant to 28 U.S.C. § 1447(c) where the removal is neither improvident nor destructive of the original jurisdiction of the district court. The motion of plaintiff to remand will be denied.

### I. *History of Case*

The facts are as follows. Richard A. Kaib filed a civil action for money damages against Pennzoil Company in the Court of Common Pleas of Allegheny County, Pennsylvania, on December 3, 1981. In brief, plaintiff alleges that Pennzoil negligently undertook a secondary oil recovery opera-

tion in Elk County, Pennsylvania, that led to an explosion on May 18, 1980, and caused serious personal injuries to plaintiff. No other defendant was sued or served.

Pennzoil filed a timely removal petition to this court on December 29, 1981, pursuant to 28 U.S.C. § 1441. On January 4, 1982, Pennzoil filed an answer in which it denied all liability to plaintiff and averred that the mishap may have been caused by the negligence of Ronald C. Davis or others. Because diversity of citizenship existed between Kaib and Pennzoil, and the controversy involved a sum in excess of $10,000, exclusive of interest and costs, and because the petition complied with the procedural niceties of 28 U.S.C. § 1446, the parties commenced discovery in this court.

On March 26, 1982, Kaib filed a "motion to join added parties defendant and to file a supplemental complaint" designating Pennzoil as the original defendant and P. L. Toy, Silver Fox Oil Company and National Fuel Gas Corporation as added defendants. The added defendants are non-diverse parties.

Counsel for these defendants then filed timely answers challenging the jurisdiction of this court and further asserted in motions to dismiss or remand that, because diversity was absent, the complaint against P. L. Toy, Silver Fox Oil Company and National Fuel Gas Corporation must be dismissed or remanded. Kaib responded with a motion to remand the entire action including Pennzoil to state court and Pennzoil entered the skirmish with a motion in opposition to remand along with a motion to strike the joinder of the added defendants.

While the procedural aspects of this case have become needlessly complicated, and while the issue may be one of first impression in this jurisdiction, there are established precepts that chart our course. The motion of Kaib to remand must be denied. The motion of Pennzoil to strike must be denied. The motions of P. L. Toy, Silver Fox Oil Company and National Fuel Gas Corporation to remand must be granted. And the diversity action of plaintiff against Pennzoil shall proceed in this court to judgment since the dispute involves diverse parties and the action was not improvidently removed.

## II. *The Motion of Plaintiff To Remand*

Richard A. Kaib is a citizen of the Commonwealth of Pennsylvania. Pennzoil was incorporated in the state of Delaware and its principal place of business is the state of Texas. With these averments plaintiff has no quarrel and thus it is not disputed that diversity is complete and the statutory amount is in controversy. Congress has provided that under these circumstances an action may be removed to a federal forum under 28 U.S.C. § 1441(a) since this court has original jurisdiction between diverse parties pursuant to 28 U.S.C. § 1332. In the words of Congress, removal is appropriate where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

■ Congress has also provided that following removal and prior to final judgment remand is required if "it appears the case was removed improvidently and without jurisdiction . . ." 28 U.S.C. § 1447(c). An improvident removal is one that is legally defective, such as failure to comply with the time requirements or other provisions of 28 U.S.C. § 1446. *See Merrimack Mutual Fire Insur. Co.,* 587 F.2d 642, n.3 (5th Cir. 1978). Pennzoil has complied with all statutory prerequisites and plaintiff does not contend otherwise.

The other possible basis for remand turns on the question of this court's jurisdiction since the Supreme Court has stated that remand is authorized only in accordance with the express terms of 28 U.S.C. § 1447(c). *Thermtron Products Inc. v. Hermansdorfer,* 423 U.S. 336, 342–345, 96 S.Ct. 584, 588–590, 46 L.Ed.2d 542 (1976).

■ As we have noted diversity is complete between the original parties and thus jurisdiction is extant under 28 U.S.C. § 1332. The fact that plaintiff sought to add non-diverse parties following discovery does not diverse this court of original jurisdiction and compel remand, unless they are indispensable parties. Jurisdiction must be

tested by the status of the parties at the commencement of the suit, *Field v. Volkswagenwerk AG*, 626 F.2d 293, 304 (3d Cir. 1980), and diversity was complete for jurisdictional purposes when Kaib filed suit in state court since no other non-diverse defendant was "properly joined and served" at that time.

■ Resolution of the question of whether P. L. Toy, Silver Fox Oil Company or National Fuel Gas Corporation are indispensible parties under Rule 19 of the Federal Rules of Civil Procedure turns on the substantive law of the forum and it is critical to resolution of plaintiff's motion to remand. If indispensible, this court would be unable to afford complete relief and, since such relief would implicate non-diverse parties, our jurisdiction would be impaired. But we hold they are not.

This case may proceed to judgment against Pennzoil without the presence of the added defendants. Complete relief may be accorded the original parties. No party is subject to "substantial risk of incurring double, multiple, or otherwise inconsistent obligations of reasons of his claimed interest." Fed.R.Civ.P. 19(a). And as a practical matter all parties are able to protect their interests. For example, if Pennzoil is adjudged negligent, or found to be a concurrent cause or joint tortfeasor under Pennsylvania law, judgment will follow. On the other hand, the fact that Pennzoil has determined to defend on the basis of its denial of liability and the assertion that non-diverse tortfeasors caused the conflagration is a risk that it is apparently willing to assume. In short, plaintiff's contentions and Pennzoil's defense will not prevent this court from according complete relief "among those already parties." Fed.R. Civ.P. 19(a)(1); *see also Field v. Volkswagenwerk AG*, 626 F.2d 293, 301–302.

We would be remiss if we failed to note that Pennzoil has the right to implead as a third party defendant any non-diverse party for contribution or indemnification under Rule 14(a) as an adjunct of our ancillary jurisdiction. 6 *Wright & Miller* § 1444 at 223. But its strategy in this regard, or plaintiff's attempt to add non-diverse but dispensable parties, is not relevant to the question of the original jurisdiction of this court which in turn is determinative of the remand issue.

Since we hold that the action was not improvidently removed, and that this court has original jurisdiction over the claim of plaintiff against Pennzoil and that the added defendants are not indispensible parties, the motion of Richard A. Kaib to remand will be denied.

### III. *The Motion of the Added Defendants*

P. L. Toy, Silver Fox Oil Company and National Fuel Gas Corporation, as non-diverse parties, have moved to dismiss or remand the complaint of plaintiff. The motion to remand will be granted since this court is without original jurisdiction over the claim against them.

*Publicker Industries Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065 (3d Cir. 1979) is controlling. *Publicker* involved a diversity action filed in federal court in which the district court found that one of two plaintiffs was non-diverse. The trial judge vacated the judgment, dismissed the non-diverse party and amended the judgment to conform with its original jurisdiction. The Court of Appeals affirmed and held that there was no requirement that the entire action be dismissed. Citing Rule 21 the Court held that a district court is empowered to dismiss a non-diverse party and proceed to judgment so long as original jurisdiction existed between several of the parties. *Id.* at 1069.

■ The only distinction between *Publicker* and the instant dispute involves the choice of forum. *Publicker* was instituted in a federal court. Here the action was removed. The distinction is unimportant because one precept is controlling, to wit, a federal court with original jurisdiction is empowered to proceed to judgment against those parties over whom it has jurisdiction. Since this court has no jurisdiction over the added defendants, the complaint of plaintiff against them must be dismissed or remanded. *See Owen Equipment & Erection Co. v.*

*Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

We have deliberately selected a remand as to the added defendants, rather than dismissal, because plaintiff may be prejudiced by interdiction of the statute of limitations. The supplemental complaint in this court was filed on March 26, 1982, and the accident occurred on May 18, 1980. Thus the complaint is timely and defendants will suffer no prejudice. Further, Pennsylvania law provides that a timely action filed in a federal forum but without jurisdiction shall not bar a trial of the state claim upon remand to the courts of the Commonwealth. 42 Pa.C.S. § 5103(b) (Purdon 1981); *see also Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir. 1982). A written order will follow.

### ORDER OF COURT

AND NOW, this 31st day of August 1982,

IT IS ORDERED that the motion of Richard A. Kaib to remand be and hereby is denied.

IT IS FURTHER ORDERED that the motion of Pennzoil Company to strike the added defendants be and hereby is denied.

IT IS FURTHER ORDERED that the motions of added defendants, P. L. Toy, Silver Fox Oil Company and National Fuel Gas Corporation to dismiss be and hereby are denied.

IT IS FURTHER ORDERED that the motions of added defendants, P. L. Toy, Silver Fox Oil Company and National Fuel Gas Corporation to remand to the Court of Common Pleas of Allegheny County, Pennsylvania, be and hereby are granted.