**Kevin Joseph HUGHES, as personal representative of the Estate of Frank Kevin Hughes, Deceased, Plaintiff,**

v.

**PROMARK LIFT, INC., a California corporation, Defendant.**

**No. 90–6037–CIV.**

United States District Court, S.D. Florida.

Nov. 21, 1990.

Thomas E. Buser, Fort Lauderdale, Fla., for plaintiff.

John D. Golden, Miami, Fla., for defendant.

## ORDER ON MOTION TO RECONSIDER

PAINE, District Judge.

Before the court is the Defendant's, PROMARK LIFT, INC. ("PROMARK"), Motion for Reconsideration of Order Granting Plaintiff Leave to Amend Complaint and Remand to State Court (DE 12). Having reviewed the record, the memoranda of counsel and the law, the court enters the following order for the reasons set forth hereinafter.

## PROCEDURAL BACKGROUND

The Plaintiff originally filed this action in the 17th Judicial Circuit Court, in and for Broward County, Florida in January, 1990. The Defendant subsequently removed the case to this court on the basis of diversity of citizenship. In the original Complaint, the Plaintiff alleges that the Decedent, FRANK KEVIN HUGHES ("HUGHES"), was killed when the articulated aerial lift in which he was working tipped over causing him to fall. The Defendant, PROMARK, is alleged to be responsible for the manufacture, design, sale and distribution of the trailer lift.

On April 20, 1990, the Plaintiff filed a Motion for Leave to File an Amended Complaint (DE 9). The proposed complaint sought to add two additional Defendants, A.E.L. LEASING, the owner of the subject aerial lift and AMERICAN AERIAL LIFT, the company who performed service and warranty work on the device. Because the additional Defendants destroyed the court's diversity jurisdiction, the Plaintiff filed a Motion to Remand (DE 8) in which it asked the court to remand the case pursuant to 28 U.S.C. § 1447(e). Good cause appearing, the court, on April 26, 1990, granted the Plaintiff's Motion to Amend Complaint and Motion to Remand (DE 10).

In its Motion for Reconsideration, the Defendant contends that this court erred in granting the Plaintiffs' Motions because it entered its order prior to receiving its responses to the Plaintiff's Motions. PROMARK asserts that according to Rule 12(a)(1) of the Federal Rules of Civil Procedure, it was entitled ten (10) days in which to respond to the Plaintiff's Motions and the court issued its Order to Remand seven (7) calendar days after the Plaintiff's Motions were filed. It is in light of these facts that the court will reconsider its prior determination.

*28 U.S.C. § 1447(e)*

■ Congress's concern over the dismissal of removed diversity actions under Federal Rule of Civil Procedure 19(b) for inability to join indispensable non-diverse parties resulted in the amendment of 28 U.S.C. § 1447 in 1988 to add subsection (e). H.R. Rep. No. 889, 100th Cong., 2d Sess., 72–73, *reprinted in* 1988 U.S.Code Cong. & Admin News 5982, 6032–33. 28 U.S.C. § 1447(e) provides that:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

In determining whether joinder pursuant to § 1447(e) is appropriate, the district court is required to balance the equities involved. *Heininger v. Wecare Distributors, Inc.,* 706 F.Supp. 860 (S.D.Fla.1989).

In the present case, the Defendant asserts that a balance of equities requires the court to deny the Plaintiff Motions. In support of this contention, PROMARK states that it would be prejudiced if it had to litigate in State court. The Defendant also states that the Plaintiff should not be allowed to add the new Defendants, since the Plaintiff's sole motive in doing is to effect a remand. As proof of this "motive," PROMARK argues that the allegations contained in the Amended Complaint fail to state a cause of action against the newly named Defendants.

■ An examination of the record, however, leads the court to hold otherwise. Given the facts of the present case, joinder should be allowed and the action remanded. With regard to any prejudice that PROMARK may suffer by litigating in the Florida judicial system, it is hard to see how the Defendant will suffer prejudice since the instant action was removed shortly after it was filed in state court, and no proceedings have occurred there. The mere fact that a Defendant faces the prospect of a trial in state court is insufficient in itself to demonstrate legal prejudice. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976).

■ PROMARK's "motive" argument also fails because § 1447(e) does not require a tribunal to make an inquiry into the Plaintiff's motive in adding a non-diverse defendant. *Righetti v. Shell Oil Co.,* 711 F.Supp. 531 (N.D. Cal.1989). The permissive language of § 1447(e) indicates that Congress intended to give the judiciary broad discretion in allowing joinder, even though remand may result. *Id.* The legislative history of § 1447(e) evidences that the express purpose of the section is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.Code Cong. & Admin.News 6033. Such is the case here.[1] Accordingly, the Order of Remand dated April 26, 1990 is AFFIRMED and the Defendant's Motion for Reconsideration of Order Granting Plaintiff Leave to Amend Complaint and Remand to State Court (DE 12) is DENIED.

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that the Defendant's Motion for Reconsideration of Order Granting Plaintiff Leave to Amend Complaint and Remand to State Court (DE 12) is DENIED. The Clerk of Court is directed to remand the case to the 17th Judicial Circuit Court, in and for Broward County, Florida.

DONE and ORDERED.

---

**1.** It should be noted that it cannot be said that there is absolutely no possibility that the Plaintiff would be unable to establish a cause of action against the new Defendants in State court.