**Jacqueline CARTER, Administratrix of the Estate of Albert Carter, Jr.**

v.

**DOVER CORP., ROTARY LIFT DIVISION.**

Civ. A. No. 90-4797.

United States District Court, E.D. Pennsylvania.

Jan. 11, 1991.

David C. Gross, Philadelphia, Pa., for plaintiff.

Robert St. Leger Goggin, Philadelphia, Pa., for defendant.

MEMORANDUM

WALDMAN, District Judge.

Presently before the Court are plaintiff's motion to amend her complaint adding three new defendants, one of which is non-diverse, and plaintiff's motion to remand the case back to state court.

I. Background

Plaintiff's husband, Albert Carter, Jr., was fatally injured while operating an automobile "lift" allegedly manufactured by defendant Dover Corporation, Rotary Lift Division ("Dover"). Plaintiff filed a wrongful death action against Dover in the Court of Common Pleas of Philadelphia on June 18, 1990, pleading negligence and strict liability causes, as well as breach of product warranty. Dover was served on June 25, 1990 and removed the case to this Court on July 24, 1990, jurisdiction being premised upon diversity of citizenship.[1]

1. Plaintiff is a resident of Pennsylvania. Defen-    dant Dover Corporation is incorporated in the

Plaintiff has moved for leave to amend her complaint to add three additional defendants. First, plaintiff seeks to add Buckeye Boiler Company ("Buckeye"), alleging that Buckeye manufactured a defective "air-oil" tank which was installed into the lift. Dover has already filed a third-party complaint against Buckeye. It appears that Buckeye is a corporation organized under the laws of Ohio with its principal place of business in Ohio. Therefore, the addition of Buckeye as a defendant would not destroy diversity and defendant does not oppose the addition.

Second, plaintiff seeks to add Weaver Corporation which she alleges may have manufactured the lift, either independently or in conjunction with Dover. It appears that Weaver is a Kentucky corporation whose joinder would not destroy diversity. Dover opposes the addition of Weaver on the ground that it is not a "proper" party because Dover has admitted that it manufactured the lift in question.

Finally, plaintiff seeks to add Lubricating Equipment Company ("LEC"), alleging that it was negligent in designing, assembling, testing and maintaining the lift.[2] LEC's principle place of business is in Pennsylvania, and therefore, its joinder would destroy diversity. Defendant Dover opposes the addition of LEC on the ground that it is not a proper or necessary party. Plaintiff contends that the additional parties are indispensable to the action and, along with her motion to amend, plaintiff has filed a motion to remand the case to state court on the ground that diversity will be destroyed.

## II. Discussion

Plaintiff alleges that Dover and/or Weaver manufactured and sold the automobile lift involved in the present case. Dover contends that because it has admitted to manufacturing the lift, Weaver could not have done so and is therefore not a proper party. Weaver is clearly a "proper" party. Rule 20 states that "[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences ..." Fed.R. Civ.P. 20. Weaver meets this test.[3]

Dover disputes plaintiff's assertion that LEC is an indispensable party and contends that it should not be added. Clearly, had plaintiff discovered LEC's involvement prior to filing her complaint, she could have joined LEC initially and the case could not have been removed. It would seem to be logical and in the interests of judicial economy, efficiency and consistency to permit plaintiff, who learned of LEC's involvement after filing her complaint and was in the process of seeking to join all of these parties in a single state court suit at the time of removal, to join in one action all parties whose potential liability is premised on the same occurrence and legal theories. When the addition of a party would destroy diversity and thus deprive the court of subject matter jurisdiction, however, the Third Circuit has stated that the right to join and remand turns on the "indispensability" of the new party under Fed.R.Civ.P. 19.

When a plaintiff seeks to force a remand of a properly removed case by the addition of a non-diverse defendant, the appropriate inquiry is whether that proposed defendant is indispensable under Rule 19. *E.g., Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 819 (9th Cir.1985); *Kaib v. Pennzoil Co.,* 545 F.Supp. 1267, 1270 (W.D.Pa.1982). This more stringent inquiry supports "the long-settled (and salutary) policy that a plaintiff cannot artificially force a retreat to the first (state) forum by embarking

---

state of Delaware and has its principal place of business in New York. Dover's Rotary Lift Division has its principal place of business in Memphis, Tennessee.

**2.** Plaintiff has filed a summons against LEC in state court.

**3.** If plaintiff can adduce no evidence that Weaver participated in the manufacture of the allegedly defective lift, it could, of course, file an appropriate motion. The admission by another party that it was solely responsible for manufacturing the product, however, does not prevent plaintiff from alleging otherwise if she can do so in good faith.

purposefully on post-removal steps designed exclusively to foster remand." *Adorno Enter. [Inc. v. Federated Dept. Stores, Inc.],* 629 F.Supp. 1565, 1570 (D.R.I.1986).

*Steel Valley Authority v. Union Switch and Signal Division,* 809 F.2d 1006, 1012 n. 6 (3d Cir.1987).

Indispensable parties are "persons who, in the circumstances of the case must be before the court." *Id.* at 1011. Absent tort-feasors who may be jointly liable to the plaintiff, such as LEC, are not indispensable parties under Rule 19. *See Bank of America National Trust and Savings Association v. Hotel Rittenhouse Associates,* 844 F.2d 1050, 1054 (3d Cir.1988); *Gold v. Johns–Manville Sales Corp.,* 723 F.2d 1068, 1076 (3d Cir.1983); *Field v. Volkswagenwerk–AG,* 626 F.2d 293, 298 n. 7 (3d Cir.1980). *See also* Advisory Committee Note to Rule 19, *reprinted in* 39 F.R.D. 89, 91 (1966); 3A Moore's Federal Practice ¶ 19.07–1[1].

Eleven months after the decision in *Steel Valley,* the Fifth Circuit held that in determining the propriety of the joinder of non-diverse parties and a subsequent remand, district courts should balance the equities and exercise their discretion. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).

At the time *Steel Valley* and *Hensgens* were decided, the only pertinent statutory provision was 28 U.S.C. § 1447(c) which provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case." In 1988, Congress amended section 1447(c) to include a 30–day time limit on motions for remand based on procedural defects and added section 1447(e) which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as signaling a departure from a strict Rule 19 analysis and providing for a flexible, broad discretionary approach of the type prescribed in *Hensgens.* This includes courts in the Third Circuit and Ninth Circuit where *Takeda,* on which the Court in *Steel Valley* relied, was decided. *See, e.g., Zawacki v. PENPAC, Inc.,* 745 F.Supp. 1044, 1045 (M.D.Pa.1990); *St. Louis Trade Diverters, Inc. v. Constitution State Insurance Co.,* 738 F.Supp. 1269 (E.D.Mo.1990); *Rivera v. Duracell, U.S.A.,* 1990 WL 204357, 1990 U.S.Dist. LEXIS 16260 (S.D.N.Y. Dec. 3, 1990); *Todd v. Societe BIC,* 1990 WL 208906, 1990 U.S.Dist. LEXIS 16293 (N.D. Ill. Nov. 30, 1990); *Hughes v. Promark Lift, Inc.,* 751 F.Supp. 985 (S.D.Fla.1990) (joinder of defendant who serviced truck lift in wrongful death action against manufacturer permitted and case remanded); *Righetti v. Shell Oil Co.,* 711 F.Supp. 531, 535 (N.D.Cal.1989); *Heininger v. Wecare Distributors, Inc.,* 706 F.Supp. 860, 862 (S.D.Fla.1989); *Berrera v. Hyundai Motors America Corp.,* 1989 WL 62545, 1989 U.S.Dist. LEXIS 6398 (E.D.La. June 7, 1989).

The legislative history of § 1447(e) supports the view espoused by these courts. It provides that:

"[Section 1447(e)] takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder."

H.R.Rep. No. 889, 100th Cong., 2d Sess. 72–73, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 6033.[4] Professors Wright and Miller state that § 1447(e) "gives the court more flexibility than a strict Rule 19 analysis does by not barring

---

4. Congress rejected a version of § 1447(e) that would have allowed district courts to join indispensable non-diverse parties and retain a case based on the concept of pendant party jurisdiction. This alternative was rejected to avoid any possible enlargement of diversity jurisdiction. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. 72–73, *reprinted in* 1988 U.S.Code Cong. & Admin.News 6033–34.

**580**

late permissible joinder and by not requiring dismissal following mandatory joinder of a necessary nondiverse defendant." 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3739 (Supp.1990).

Dover states that LEC installed the lift but contends that the decedent's employer, Speedy Muffler King, was responsible for the maintenance of the lift. The court, however, must accept as true plaintiff's allegations that LEC maintained (as well as designed, assembled and tested) the lift and in doing so was causally negligent. *See Steel Valley*, 809 F.2d at 1011.

Plaintiff moved to join the additional parties promptly after learning of their existence and potential liability. The case involves exclusively state law issues. The alternative to joinder is the litigation of separate suits with an attendant inefficient use of judicial resources. The most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding. Virtually all of the courts which have interpreted or applied § 1447(e) have determined that it permits joinder and remand in these circumstances. Accordingly, plaintiff's motions will be granted.

Appropriate orders, consistent with this Memorandum, will be entered.