Don JARRIEL, as parent of Lynne Jarriel and as the administrator of the estates of Lynne Jarriel and Chelsea Jarriel, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. No. 1:93–CV–628–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 8, 1993.

Robert Bartley Turner, Jerrell T. Hendrix, Savannah, Lloyd D. Murray, Pembroke, Brent J. Savage, Savannah, for plaintiff.

Chilton D. Varner, Steven S. Griffin, W. Randall Bassett, Atlanta, for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiff's motion to add a party and to remand [# 4] and plaintiff's request for a hearing [# 12]. The Court has reviewed the record and the arguments of the parties and, for the reasons set forth below, grants plaintiff's motion to add the party and remands the case to Fulton County Superior Court.

### Facts

Plaintiff Don Jarriel filed his complaint in the Superior Court of Fulton County on February 17, 1993 as the parent of Lynne Jarriel and as the administrator of the estate of Lynne Jarriel and Chelsea Jarriel. Plaintiff alleges in his complaint that his daughter Lynne and granddaughter Chelsea were involved in an automobile accident in Tatnall County, Georgia on October 2, 1992. He asserts that both were killed when the seatbelts in their 1983 Pontiac Phoenix failed to operate and they were thrown from the car.

Defendant General Motors Corporation removed the case to the Northern District of Georgia on March 24, 1993 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. On April 23, 1993, plaintiff moved to add Tatnall County ("the County") as a party defendant and to remand the case to Fulton County Superior Court. Plaintiff additionally attached an amended complaint in which he alleges that the County maintained the intersection where the accident occurred in an inherently dangerous manner by failing to post a stop sign.

Defendant General Motors contends that plaintiff's motion to add the party should be denied because the County is not an indispensable party under Rule 19(b) of the Federal Rules of Civil Procedure. Alternatively, if the Court determines that Rule 19 does not apply to plaintiff's motion, defendant argues that the Court should find that equitable considerations require the Court to deny plaintiff's motion and maintain jurisdiction over this case. Plaintiff asserts that pursuant to 28 U.S.C. § 1447(e), the Court should permit him to add the County as a defendant and remand the case.

### Discussion

Plaintiff seeks to add the County as a defendant because he contends that the County is jointly and severally liable with General Motors for his daughter's and granddaughter's deaths.[1] Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if plaintiff asserts against them "jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED.R.CIV.P. 20. The County is a proper party under Rule 20, because plaintiff's right to relief against the County and General Motors arose out of the same occurrence.

In 1987, the Fifth Circuit held that district courts should balance the equities and exercise their discretion in determining whether to allow the joinder of parties who

---

1. Plaintiff states in his motion that he moves to add the County as a party defendant in this suit pursuant to Rule 41 of the Federal Rules of Civil Procedure. Rule 41, however, addresses the dismissal of actions. Because plaintiff attached an amended complaint to his motion, the Court considers his motion as a motion to amend his complaint pursuant to Rule 15.

are not diverse, rather than determining if the parties to be joined are indispensable parties under Rule 19. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987). Other courts, however, had held that when a plaintiff seeks to add a party who is not diverse and to remand the case, the court must consider whether the party is indispensable under Rule 19. *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir.1987).

■ Congress amended the removal statute in 1988 and added subsection (e) to 28 U.S.C. § 1447. Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e) (Supp.1993). This amendment gives the court more flexibility than a strict Rule 19 analysis. CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739 (Supp.1993). "Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as signaling a departure from a strict Rule 19 analysis and providing for a flexible, broad discretionary approach of the type prescribed in *Hensgens*." *Carter v. Dover Corp., Rotary Lift Div.*, 753 F.Supp. 577, 579 (E.D.Pa.1991).

■ The district court should balance the equities involved in determining whether joinder pursuant to § 1447(e) is appropriate. *Hughes v. Promark Lift, Inc.*, 751 F.Supp. 985 (S.D.Fla.1990). In *Hensgens*, the court held that the district court should balance the danger of parallel federal/state proceedings against the defendant's interest in retaining the federal forum. *Hensgens*, 833 F.2d at 1182. The court in *Hensgens* considered the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Id.*

■ Plaintiff asserts that he did not delay in seeking the amendment. The incident occurred October 2, 1992, and plaintiff filed suit against General Motors on February 17, 1993. Plaintiff explains that because Georgia has a ten-year statute of repose applicable to his claim against General Motors, he was forced to file the suit quickly. Plaintiff states that he could not bring suit against Tatnall County at that time because he was required to serve notice and demand upon Tatnall County pursuant to O.C.G.A. § 36–11–1.[2] He mailed the notice to Tatnall County on January 25, 1993.

Plaintiff has not been dilatory in filing his motion to amend to add the new party. He filed suit against General Motors approximately four (4) months after the incident occurred, and he moved to add Tatnall County approximately two (2) months after he filed the original suit. Although the Georgia statute did not require plaintiff to wait for a response from Tatnall County after he notified them of his claim, plaintiff's two-month delay in adding Tatnall County was not dilatory.

■ Defendant General Motors argues that plaintiff will not be prejudiced if the Court does not allow joinder because he may bring his claim against the County in state court. On the other hand, defendant contends that it will be prejudiced if the Court remands the case, because its right to a federal forum would be unjustly denied. Further, the scope of the trial would become broader because it would involve testimony concerning the design of the intersection.

The prejudice against defendant General Motors, however, is minimal. Although a trial including both defendants may be longer than the original trial would have been against only General Motors, the most logical and economical resolution of plaintiff's claims is one trial concerning all aspects of the causation of Lynne and Chelsea Jarriel's

---

2. Section 36–11–1 provides: "All claims against counties must be presented within 12 months after they accrue or become payable or the same are barred, providing that minors or other persons laboring under disabilities shall be allowed 12 months after the removal of the disability to present their claims." O.C.G.A. § 36–11–1 (1993).

deaths. Moreover, plaintiff's claims against both the County and General Motors involve state law issues, and duplicative litigation would be a waste of judicial resources.

■ Defendant General Motors finally asserts that plaintiff's sole motivation for adding the County is to avoid federal subject matter jurisdiction. Some courts have found that section 1447(e) does not require a Court to consider plaintiff's motive in adding a defendant who is not diverse. *See Hughes,* 751 F.Supp. at 985. Even if the Court were to consider plaintiff's motive, however, defendant's sole evidence of plaintiff's motive is plaintiff's timing in filing the motion to add the party. From the face of the pleadings, it appears that plaintiff has a valid claim against Tatnall County, and the Court holds that the most equitable procedure for resolving plaintiff's claims is to allow plaintiff to add the County and to remand the case.

In balancing the equities, the Court finds that the circumstances of this case support plaintiff's motion to add Tatnall County as a party. The Court, accordingly, grants plaintiff's motion to amend his complaint to add Tatnall County as a party defendant and remands the case to the Fulton County Superior Court.

### Conclusion

For the foregoing reasons, the Court grants plaintiff's motion to add a party [# 4] and remands the case. The Court denies plaintiff's request for a hearing [# 12] as moot.

SO ORDERED.