Jeanette MAMMANO, as Guardian of the
person and property of Elizabeth
Susan Mammano, Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC.,
Peterbilt Motors Company, being a ficti-
tious name and being a Division of Pa-
car, Inc., Defendants.

Jeanette MAMMANO, as Guardian of the
person and property of Elizabeth
Susan Mammano, Plaintiff,

v.

AMERICAN HONDA MOTOR
CO., INC., Defendant.

Nos. 96–CV–6319L, 96–CV–6336L.

United States District Court,
W.D. New York.

Oct. 23, 1996.

Louis T. Brindisi, Anthony Murad, Utica, NY, for Jeanette Mammano.

Arthur H. Thorn, Thorn & Gershon, Albany, NY, for American Honda Motor Co., Inc. and Peterbilt Motors Company.

## DECISION AND ORDER

LARIMER, Chief Judge.

These actions were commenced on May 16, 1996, by Jeanette Mammano, as guardian of the person and property of Elizabeth Susan Mammano, in New York State Supreme Court, Ontario County, against defendants American Honda Motor Co., Inc. ("Honda"), and Peterbilt Motors Company ("Peterbilt"). The complaint alleges that Elizabeth Susan Mammano was injured in an automobile accident involving vehicles built by Honda and Peterbilt. Plaintiff alleges that the vehicles were defectively designed in certain respects. The complaint seeks $25 million in damages.

Honda and Peterbilt thereafter filed separate notices of removal in this court, on the ground that this court has original jurisdiction over these actions under 28 U.S.C. § 1332. Jeanette and Elizabeth Susan Mammano are citizens of New York State. Honda is a California corporation, and Peterbilt is a Delaware corporation.

Plaintiff then filed an affidavit in opposition to removal. For the reasons that follow, the actions are remanded to state court.

### BACKGROUND

The complaint alleges that on April 5, 1995, Elizabeth Susan Mammano was driving her 1993 Honda Civic automobile in Ontario County, when she was struck head-on by a Peterbilt dump truck. Plaintiff alleges that the design of both the Civic and the dump truck either caused or enhanced her injuries.

In addition to the action against Honda and Peterbilt, however, plaintiff instituted a separate action, also in Supreme Court, Ontario County, against two individual defendants, arising out of the same accident. The complaint in that action, which was filed on November 27, 1995, alleges that defendant John C. Sabin, while driving a General Motors truck, negligently went through a stop sign into the path of the Peterbilt truck, which was being driven by defendant William J. Harrington. Harrington's truck allegedly struck Sabin's vehicle, and entered plaintiffs lane, hitting her car head-on. Plaintiff alleges that Harrington was negligent in failing to keep control of his truck, and in certain other respects.

Plaintiff now opposes removal "in order to avoid the expense of two separate trials in two different courts, arising out of the same facts and circumstances ..." Louis Brindisi Aff. ¶ 10. Plaintiff requests the court either to remand these actions to state court, or, if removal is granted, to "remove" the action against the individual defendants to federal court as well.

### DISCUSSION

■ At the outset, I note that I cannot "remove" the action against the individual defendants from state court to federal court, as requested by plaintiff. The removal statute, 28 U.S.C. § 1441, by its terms allows only named defendants to remove an action to federal court. See American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir.1988). This Court has no authority to reach out and "remove" an action involving New York parties.

■ In effect, though, what plaintiff seeks to do is to join additional defendants in this action under Fed.R.Civ.P. 20. In fact, Peterbilt's papers in response to plaintiff's opposition to removal construe plaintiff's request as a motion for joinder.[1] Since "it is the motion's substance, and not merely its linguistic form, that determines its nature and legal

---

1. Honda takes the position that plaintiff has not made a proper motion for joinder, but adds that even if plaintiff's request were so construed, it

should be denied for the reasons stated by Peterbilt; see Honda's Memorandum of Law at 7 n. 1.

effect," 2A James. W. Moore, Moore's Federal Practice, ¶ 7.05 at 7–18 (2d ed. 1996) (collecting cases; footnotes omitted), I will therefore construe plaintiff's request as a motion for joinder, and analyze it under the standards applicable to such motions.

■ Section 1447(e) of Title 28 states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In deciding whether to permit joinder under such circumstances, courts consider several factors: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend." *Wyant v. National R.R. Passenger Corp.,* 881 F.Supp. 919, 923 (S.D.N.Y.1995). These factors should not be applied mechanically, however, for "instead of adopting a bright line rule [to determine whether joinder should be granted], it is wiser to permit the district court to balance the defendant's interest in a federal forum against the possibility that judicial resources will be wasted and inconsistent results obtained if joinder is denied." *Roland v. Marriott Int'l Corp.,* No. 94 Civ. 7720, 1995 WL 358631 *2 (S.D.N.Y. June 15, 1995). *See also Carter v. Dover Corp., Rotary Lift Div.,* 753 F.Supp. 577, 579 (E.D.Pa.1991) ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as ... providing for a flexible, broad discretionary approach ...").

■ Applying these factors to the case at bar, I find that joinder and remand are appropriate. First, plaintiff sought to add the individual defendants shortly after defendants filed their notices of removal. Second, defendants have not shown that they would be prejudiced by a remand, particularly since this litigation is still in its very early stages.

■ Third, there would clearly be multiple litigation if joinder were denied, with a resulting waste of judicial resources. The products liability actions and the action against the individual defendants all arise out of a common occurrence. Much of the evidence, particularly with respect to damages, would be the same in both actions. The fact that the theories of liability are different in the two actions also does not weigh against joinder. "It is well established that the presence of two different legal claims does not prevent joinder where the claims arise from a single source." *Rodriguez v. Abbott Laboratories,* 151 F.R.D. 529, 533 (S.D.N.Y.1993). Moreover, all of plaintiff's claims are based exclusively on New York law. *See Carter,* 753 F.Supp. at 580 (joinder and remand granted because, *inter alia,* case involved exclusively state law issues).

As to the fourth factor—plaintiff's reason for seeking joinder—it is not clear why plaintiff did not seek to add Honda and Peterbilt in the original state court action against the individual defendants. Indeed, it appears that plaintiff could have avoided this entire situation by the simple expedient of adding Honda and Peterbilt in the original action, instead of filing a separate, removable action in the same state court, especially since the actions would in all likelihood have eventually been consolidated for trial in the state court in any event.

Nevertheless, there is no evidence here that plaintiff seeks to add the individual defendants in federal court for the sole purpose of destroying diversity. The situation might be different if plaintiff had not already sued Sabin and Harrington in state court; if that were the case, a belated attempt to add them here might indeed appear to be a ploy to deprive this court of jurisdiction. Given the fact that plaintiff commenced the two actions in the same state court, however, and the obvious advantages of trying the actions in a single forum, I do not believe that plaintiff is motivated simply by a desire to destroy diversity jurisdiction.

In short, this action and the action against the individual defendants arise out of a common occurrence, and to require plaintiff to prosecute them separately in two different forums "would be a waste of judicial resources, which this court will not require." *In re Norplant Contraceptive Products Liability Litigation,* 898 F.Supp. 433, 436 (E.D.Tex.1995). "The most logical, economi-

cal and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding. Virtually all of the courts which have interpreted or applied § 1447(e) have determined that it permits joinder and remand in these circumstances." *Carter,* 753 F.Supp. at 580. *See, e.g., Horton v. Scripto–Tokai Corp.,* 878 F.Supp. 902 (S.D.Miss.1995); *Vasilakos v. Corometrics Med. Sys., Inc.,* No. 93 C 5343, 1993 WL 390283 (N.D.Ill. Sept. 30, 1993); *Ziczuk v. Bell Supply Co.,* Civ.A. No. 91–2337, 1991 WL 240206 (E.D.Pa. Nov. 12, 1991); *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,* 726 F.Supp. 950 (S.D.N.Y.1989).

### CONCLUSION

Plaintiff's Affidavit in Opposition to Defendants' Notice of Removal (Item 3 in 96–CV–6336L), which the court treats in the alternative as a motion for leave to amend additional defendants and to remand, is granted, and these actions are remanded to New York State Supreme Court, Ontario County, for all further proceedings.

IT IS SO ORDERED.