**R.K. SERVICES, et al., Plaintiffs,**

v.

**SPECTRUM STORES, INC., et al., Defendants.**

**No. Civ.A. 00–A–1648–E.**

United States District Court, M.D. Alabama, Eastern Division.

Jan. 11, 2001.

Benny C. Hand, Jr., Michael C. Fellows, Hand & Associates, Opelika, AL, for R.K. Services, Lynn Parrish, plaintiffs.

Joseph L. Waldrep, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, GA, H. Dean Mooty, Jr., George D. Ray, Montgomery, AL, for Spectrum Stores, Inc., defendant.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Motion to Remand (Doc. # 6), filed by Plaintiff R.K. Services ("Plaintiff") on December 29, 2000. The Plaintiff originally filed a Complaint against Spectrum Stores, Inc. ("Defendant") and multiple fictitious defendants in the Circuit Court of Chambers County, Alabama on September 7, 2000. The Complaint alleges claims for breach of contract (Court One), the tort of outrageous conduct (Count Two); assault (Count Three); intentional infliction of emotional harm (Count Four); fraud (Count Five); and interference with business relations (Count Six).

Spectrum filed a Notice of Removal in this court on December 1, 2000, at 3:14 p.m., stating that this court had federal jurisdiction based on diversity of citizenship. As the Plaintiff points out in the Motion to Remand, however, the Plaintiff amended its Complaint in state court on December 1, 2000, adding Loring Perez and Michael R. Bozeman as individual defendants, both of whom are citizens of Alabama. The state court filing does not indicate at what time Plaintiff filed its amended complaint. In its Motion for Remand, Plaintiff contends that complete diversity does not exist because the two individuals named in the amendment are citizens of Alabama. For the reasons herein discussed, the Motion to Remand is due to be GRANTED.

## II. REMAND STANDARD

■ Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts have the power only to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 114 S.Ct. at 1675. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095.

## III. DISCUSSION

■ The Plaintiff in this case amended the Complaint to state claims against two non-diverse individuals.[1] The Defendant has argued that because the Plaintiff cannot establish that the amendment naming the non-diverse defendants was filed before the Notice of Removal, the amendment should not be considered, and complete diversity exists in this case. It is not the Plaintiff's burden to prove the order of filing, however. "In a removal action, the burden is on the defendant, not the plaintiff, to plead the basis for jurisdiction." *Fowler v. Safeco In·. Co. of America*, 915 F.2d 616, 617 (11th Cir.1990). In the absence of any evidence from the Defendant which indicates that the case was removed

---

1. The Defendant states that the Complaint was not properly amended because it alleges that the individual defendants are "residents," not "citizens," of Alabama. The statement in the Complaint appears to have been intended to establish the citizenship of the individual defendants, however, since Plaintiff's counsel has represented in a pleading to this court that the individual defendants are citizens of Alabama. This pleading defect in the amendment which was filed in state court does not establish jurisdiction if the individuals are citizens of Alabama. The Defendant does not attempt to show that the individual defendants were not, in fact, citizens of Alabama, and the court will consider that they were.

before the amendment was filed, this court finds that the Defendant has failed to meet its burden, and that this court does not have diversity jurisdiction in this case in which the complaint as amended contains claims against two non-diverse defendants.

██ Even if the court assumes that the amendment was filed after the Notice of Removal, the court still finds that the Motion to Remand is due to be granted. Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining whether to allow the amendment, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989) [2]; *see also Sexton v. G & K Services, Inc.*, 51 F.Supp.2d 1311 (M.D.Ala.1999).

██ In this case, where the amendment occurred not long after the original Complaint was filed, and there is at least a question as to whether the Plaintiff was even aware of the Notice of Removal at the time that the complaint was amended, in balancing all of the equities, and giving due consideration to the Defendant's interest in the federal forum where jurisdiction is proper, the court alternatively finds that even if the amendment to the Complaint was not filed prior to removal, the *Hensgens* factors weigh in favor of allowing the amendment.

**2.** Although *Hensgens* pre-dates the enactment of § 1447(e), its analysis is still relevant. *See*

## IV. *CONCLUSION*

For the reasons discussed, the court concludes it lacks subject matter jurisdiction in this case. Accordingly, the Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

*Jarriel v. General Motors Corp.*, 835 F.Supp. 639 (N.D.Ga.1993).