Michael **STRANSKY**, et al.

v.

**AMERICAN ISUZU MOTORS, INC.**, et al.

Civ. A. No. 93–3550.

United States District Court, E.D. Pennsylvania.

Aug. 24, 1993.

William R. Adams, Jr., Black and Adams, Philadelphia, PA, for plaintiffs.

Mary Grace Maley, Lavin, Coleman, Finarelli & Gray, Philadelphia, PA, for American Isuzu and Isuzu Motors.

Marc B. Zingarini, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, PA, for Potamkin Auto Mall, Inc.

## MEMORANDUM

BARTLE, District Judge.

This is a personal injury action involving an allegedly defective Isuzu Trooper. The lawsuit was removed to this court under 28 U.S.C. § 1446. Pursuant to 28 U.S.C. § 1447, plaintiffs have moved for remand to the Court of Common Pleas of Philadelphia County, Pennsylvania because of lack of diversity of citizenship. This is the third time in the short life of this case that the court has been faced with the issue of remand.

Earlier this year, the defendants, American Isuzu Motors, Inc. and Isuzu Motors America, Inc., for the first time removed the case from the state court.[1] Defendants did so after plaintiffs began the action by the filing of a praecipe for writ of summons but before plaintiffs had filed a complaint.[2] After removal the plaintiffs filed a motion to remand. While the state court praecipe and writ of summons showed diversity of citizenship, they did not state the amount in controversy. Under *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir.1993), the time for removal begins to run "after receiving a writ of summons, praecipe or complaint which in themselves provide adequate notice of federal jurisdiction...." Because the writ of summons on its face did not provide such notice, the removal was improper and the court granted plaintiffs' motion to remand on May 25, 1993.

Thereafter, defendants moved for reconsideration, seeking to have this court consider facts beyond the face of the praecipe and file a praecipe to compel the plaintiff to file a complaint. If the plaintiff fails to do so, the action will be subject to a judgment of non pros. *See* Rules 1007, 1037, and 1351 of the Pennsylvania Rules of Civil Procedure.

---

1. When the case was first removed, it was designated Civil Action No. 93–2027.

2. Under Pennsylvania practice, an action may be started by the filing of a praecipe for writ of summons or by the filing of a complaint. If the action is begun by praecipe, the defendant may

writ of summons to prove the jurisdictional amount. Defendants also sought to have this court consider the complaint which the plaintiffs filed in the Court of Common Pleas in the meantime after this court's remand order. This Court refused to do so under the holding of *Foster* and denied the motion for reconsideration, without prejudice to defendants' right to file a new removal notice, if appropriate.

On July 1, 1993 defendants filed a second notice of removal with this court. The plaintiffs' state court complaint, which was attached, alleges an amount in controversy that meets the federal jurisdictional requirement. The plaintiffs, however, had added a third defendant, Potamkin Auto Mall, Inc. ("Potamkin"), which allegedly sold the Isuzu Trooper to one of the plaintiffs. The complaint states that plaintiffs are citizens of the Commonwealth of Pennsylvania; defendants, American Isuzu Motors, Inc. and Isuzu Motors America, Inc., are citizens of states other than Pennsylvania; and the jurisdictional amount exceeds $50,000, exclusive of interest and costs. As to Potamkin, the third defendant, the complaint alleges that it, like the plaintiffs, is a citizen of Pennsylvania.[3] This, of course, destroys diversity of citizenship. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Defendants do not contest the citizenship of the named parties. Nor do they question that Potamkin, in the business of selling motor vehicles, sold the allegedly defective Isuzu Trooper to one of the plaintiffs. Instead, they contend that Potamkin was added simply to thwart this court's subject matter jurisdiction. Defendants point out that plaintiffs had not named Potamkin in the praecipe for writ of summons when the action was started and joined Potamkin sua sponte only when they later filed their state court complaint. Defendants argue that the joinder

was improper at that stage in the state court proceeding without obtaining a court order as required under Rule 2232 of the Pennsylvania Rules of Civil Procedure.[4] Since, according to defendants, the joinder of Potamkin is invalid under state procedure, this Court should disregard that party in determining the existence of federal subject matter jurisdiction. To cure this possible problem, plaintiffs have moved here, along with their motion to remand, to file an amended complaint "in order to validate their earlier addition of Potamkin Auto Mall, Inc."

28 U.S.C. § 1447, which establishes the procedure for remand of a case removed from a state court, provides:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Congress added § 1447(e) to the statute in 1988 to provide the federal courts with greater flexibility in allowing joinder than existed under the then prevailing case law which limited joinder, in those circumstances, to indispensable parties. *See Carter v. Dover Corp., Rotary Lift Div.*, 753 F.Supp. 577 (E.D.Pa.1991). Thus, even if defendants are correct that Potamkin was improperly joined under state practice, this Court now has the authority to permit joinder of additional parties, whether or not indispensable. Section 1447(e) contemplates that joinder may destroy subject matter jurisdiction, in which event the court is directed to remand the matter to state court.

In order to defeat a remand motion where there is a non-diverse defendant, defendants have the heavy burden of establishing either that plaintiffs have no reasonable possibility of imposing liability on the non-diverse defendant, or that its joinder was

---

3. Potamkin, without prejudice to its right to contest its joinder under Pennsylvania practice, has consented to the removal.

4. Rule 2232(c) of the Pennsylvania Rules of Civil Procedure provides:

   At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensable party to the action.

fraudulent. *Moore's Federal Practice*, 1: ¶ 0.71[5.–4], 1A: ¶ 0.161[2]. *See Steel Valley Authority v. Union Switch & Signal Div., American Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir.1987).

■ Under Pennsylvania law, which is applicable here, it is well settled that a plaintiff injured by a defective product may sue not only the manufacturer but anyone in the chain of distribution or sale. Clearly an injured plaintiff may sue a party such as Potamkin, who sold him the Isuzu Trooper, if the seller was in the business of selling the product. *Childers v. Joseph*, 842 F.2d 689, 695 (3d Cir.1988). No one has argued that Potamkin does not fit into this category. Accordingly, plaintiffs have stated a valid claim against Potamkin in their complaint.

■ Defendants argue, in further opposition to plaintiffs' remand motion, that the two year Pennsylvania statute of limitations for personal injury actions bars the action against Potamkin since the injuries occurred on January 23, 1991 and Potamkin was not named in plaintiffs' complaint until June 1, 1993. Plaintiffs have pleaded causes of actions sounding in negligence, strict liability in tort, and breach of warranty. While the Pennsylvania two year limitations period, 42 Pa.Cons.Stat.Ann. § 5524(2), applies to negligence actions as well as to strict liability cases in tort, it applies to breach of warranty claims only where the injured party is a non-purchaser. Here the complaint alleges that at least one of plaintiffs bought from Potamkin the Isuzu Trooper in issue. *See Hahn v. Atlantic Richfield Co.*, 625 F.2d 1095, 1103 (3d Cir.1980). Under these circumstances, the four year statute of limitations under the Uniform Commercial Code, 13 Pa.Cons.Stat. Ann. § 2725, is applicable, at least as to the plaintiff purchaser's claim for breach of warranty. Since the vehicle was purchased on June 30, 1990, any joinder of Potamkin is timely.

■ Because at least the plaintiff purchaser states a viable claim for relief against Potamkin and the case is still at a very early stage, it is in the interest of justice to grant plaintiffs' motion for joinder of Potamkin as an additional defendant. In granting joinder under federal law, the court does not need to pass on whether or not the joinder was proper under Pennsylvania practice.

The defendants have not met their burden of establishing that there is no reasonable possibility of one or more plaintiffs imposing liability on Potamkin or that plaintiffs' efforts to join Potamkin were fraudulent. With Potamkin as an additional defendant, diversity of citizenship is lacking under 28 U.S.C. § 1332(a). Since no basis for federal subject matter jurisdiction will exist, plaintiffs' motion to remand the action to the Court of Common Pleas of Philadelphia County will be granted.

*ORDER*

AND NOW, this 24th day of August, 1993, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiffs for leave to file an amended complaint naming Potamkin Auto Mall, Inc. as an additional defendant is GRANTED.

It is further ORDERED that the motion of plaintiffs to remand the action to the Court of Common Pleas of Philadelphia County is GRANTED.