Schrepfer v. Framatome                    CV-98-89-JD    01/07/99

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Judith A. Schrepfer

        v.                              Civil No. 98-89-JD

Framatome Connectors USA, Inc.


O R D E R


Plaintiff Judith A. Schrepfer brought an action in state court alleging claims against her former employer, Framatome Connectors USA, Inc., for wrongful discharge and intentional infliction of emotional distress.  Framatome removed the action to this court pursuant to 28 U.S.C.A. § 1441.  Framatome now moves to dismiss Schrepfer's claims (document no. 13).  Schrepfer moves to join two additional defendants (document no. 24.1), to amend her complaint to add allegations and claims pertaining to the two additional defendants (document no. 32), and to certify a question to the New Hampshire Supreme Court (document no. 37).  The parties' motions are resolved as follows.

<u>Background</u>[1]

Judith Schrepfer began working for Framatome Connectors USA, Inc., which was doing business as Burndy Electrical, in October of 1988 as a collections analyst. She was an "at will" employee. In March of 1996, Schrepfer noticed discrepancies in customers' credit accounts and other new credit practices that Schrepfer believed indicated that the company was defrauding its customers of their credit accounts. When Schrepfer asked her supervisor, James Vancor, the company's controller, about the company's new credit practices, he told her either that the customer's account was being taken care of or to mind her own business. In January of 1997, Schrepfer reported the company's activities to the New Hampshire Attorney General's office. In March, Schrepfer wrote to the personnel director about the company's practices, which she had reported to the Attorney General's office, and about discrimination she perceived was directed against her. The personnel director responded in a letter telling her that the company would not retaliate against her.

Schrepfer was the senior credit analyst in the credit department and the analyst with the most experience. She believed that her repeated questions about the company's credit

---

[1]The background information is taken from plaintiff's complaint and the parties' pleadings.

practices were seen as an impediment to implementing the new credit policies. Schrepfer also felt that her supervisor, Vancor, had tried for a long time to force her to quit her job by excluding her from meetings, making nasty comments about attorneys (Schrepfer's husband is an attorney), and by ignoring her in the hallways.

Vancor hired a personal friend as supervisor of the credit department without posting the position and then "schemed" with the new supervisor to force Schrepfer from her job. The new supervisor wrote on Schrepfer's evaluation that she was not promotable, and when questioned about the comment, the supervisor said that Vancor told her to write it. The comment was later removed.

The Attorney General began an investigation into Schrepfer's complaint in March of 1997. As a result, Schrepfer and other employees were questioned about the company's credit practices, and Schrepfer was ostracized by her fellow employees. At the end of August of 1997, Schrepfer attended a meeting about "dunning letters" that were to be sent to customers. Schrepfer criticized the letters as "less than honest" versions of the customers' accounts, and the meeting became heated as the others at the meeting "ganged up" against her. When Schrepfer returned to work after the Labor Day holiday, she was summoned to Vancor's

office where she was met by Vancor and the personnel director and told that she was fired.

Schrepfer filed suit against Framatome in Hillsborough County Superior Court by a writ dated January 20, 1998, returnable in March of 1998, alleging claims for wrongful discharge and intentional infliction of emotional distress. Framatome removed the action to this court in February of 1998. Schrepfer's subsequent motion to remand to state court was denied. Thereafter, Framatome filed its answer with a counterclaim against Schrepfer for breach of her duty of loyalty.

## Discussion

Framatome moves to dismiss Schrepfer's wrongful discharge and intentional infliction of emotional distress claims on the merits, and alternatively, to dismiss her claims for personal injury as barred by New Hampshire's workers' compensation statute. Schrepfer moves to join as defendants, James Vancor and John Mayo, controller and president of Framatome respectively, and to amend her complaint to add allegations and claims against each of them. She also moves to certify a question to the New Hampshire Supreme Court to determine whether personal injury damages are barred by the exclusivity provision of New Hampshire's workers' compensation statute.

4

A.  Plaintiff's Motions to Join and Amend

Plaintiff moves to join James Vancor and John Mayo as defendants and to amend her complaint to add allegations and claims against them for intentional infliction of emotional distress, tortious interference with contractual relations, and defamation.  Defendant objects asserting that the motion to amend is untimely.[2]  Defendant also argues that plaintiff's proposed amendment and joinder should be denied because Vancor and Mayo are, like plaintiff, citizens of New Hampshire so that their joinder would destroy diversity subject matter jurisdiction in this case which is predicated on 28 U.S.C.A. § 1332.[3]

Complete diversity between adverse parties is necessary to maintain subject matter jurisdiction in cases without a federal question.  See Caterpillar Inc. v. Lewis, 117 S. Ct. 467, 472 n.1 (1996), Casas Office Machines, Inc. v. Mita Copystar America,

_____

[2]While defendant is correct that plaintiff failed to file a motion to amend that complied with the requirements of the local rules within the time allowed by the scheduling order, in this case it would not be appropriate to deny plaintiff's motion due to her counsel's apparent lack of familiarity with federal court practice.

[3]Although plaintiff did not include a jurisdictional statement in her amended complaint, defendant states that both Vancor and Mayo reside in and are citizens of New Hampshire for jurisdictional purposes.  Def. Obj. to Amended Motion to Amend at 3.  As a result, the record includes sufficient information about citizenship to address the issue.  Cf. Gilberg v. Stepan Co., 24 F. Supp. 2d 325, 330 (D.N.J. 1998).

5

Inc., 42 F.3d 668, 673 (1st Cir.1994). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e). Whether to allow joinder is a discretionary decision guided by equitable factors that depend upon the circumstances. See Hensgens v. Deere & Co, 833 F.2d 1179, 1182 (5th Cir. 1987) (cited with approval in Casas Office Machines, 42 F.3d at 675 n.8).

The court's decision under section 1447(e) does not depend on whether the additional party is dispensable or indispensable as defined by Federal Rule of Civil Procedure 19 although the options for disposition of the case are affected by the party's status. See Casas Office Machines, 42 F.3d at 673-75. When, as here, parties subject to joinder are dispensable, "the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court." Id. at 675; see also ARE Sikeston Ltd. Partnership v. Weslock Nat'l, Inc., 120 F.3d 820, 833 (8th Cir. 1997). The court does not, however, have an option to allow joinder of a nondiverse adverse party and retain jurisdiction over the case. Id.; see also Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998).

6

When a plaintiff seeks to name a new party by amending the complaint after removal, the court "should scrutinize that amendment more closely than an ordinary amendment" by considering several factors "to balance the defendant's interests in maintaining the federal forum with the competing interests in not having parallel lawsuits." Hensgens, 833 F.2d at 1182; see also Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Gilberg v. Stepan Co, 24 F. Supp. 2d 355, 356 (D.N.J. 1998); Irizarry v. Marine Powers Int'l, 153 F.R.D. 12, 14 (D.P.R. 1994). The factors to be considered in balancing the equities for and against permitting joinder are: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

Here, plaintiff moved unsuccessfully to have her case remanded to state court for lack of diversity alleging that Framatome's principal place of business was in New Hampshire. Before the hearing on her motion to remand, plaintiff filed motions to join Vancor and Mayo as defendants and then moved to amend her complaint. Plaintiff argues in her motion to amend her complaint that "recovery for emotional distress against the

employer depends on whether the suit is brought in the state court or the federal court." Pl. Am. Mot. Mem. at 3. She explains that her claims against Vancor and Mayo should be allowed in order to permit her to claim damages that would be allowed in some state trial courts.

Plaintiff did not address the subject matter jurisdiction issue presented by her motions to join Vancor and Mayo and to amend her complaint although defendant discussed the issues in objecting to plaintiff's motions. Plaintiff's intent appears to be to destroy subject matter jurisdiction in this court in order to return to state court. Plaintiff's motions to add Vancor and Mayo are not so late in the proceedings as to be prejudicial, but the timing strengthens an inference that the motions were merely another effort to avoid federal court and the legal precedent followed here.

With respect to the effect denying joinder would have on plaintiff's claims, plaintiff may bring actions against the individual defendants in state court, if she chooses to do so. While parallel state and federal actions are not favored, the circumstances here do not suggest significant prejudice to plaintiff. As plaintiff has an opportunity to bring her claims against the individual defendants in state court, denying her motion to join them in this action would not cause her

8

significant injury.

In addition, another consideration counsels against joinder. Defendant contends that plaintiff's proposed amendment of her complaint and joinder of Vancor and Mayo are futile as plaintiff has failed to state viable claims against either. On the face of plaintiff's proposed amended complaint, plaintiff's claims of interference with contract, intentional infliction of emotional distress, and defamation appear to be at least weak and very likely susceptible to dispositive motions. Under these circumstances, in fairness to defendant, it would not be prudent to allow joinder and remand the case to state court.

Having considered and balanced the equities of allowing plaintiff's motions to join defendants and to amend her complaint, the court denies the motions. As complete diversity of the parties' citizenship continues, subject matter jurisdiction remains in this court.

B.   Plaintiff's Motion to Certify a Question

Plaintiff moves to certify a question to the New Hampshire Supreme Court as to whether the exclusivity provision of the New Hampshire workers' compensation statute, N.H. Rev. Stat. Ann. ("RSA") 281-A:8, bars recovery from an employer for emotional distress damages caused by a wrongful discharge. Certification

9

of a legal question to a state's highest court is a discretionary decision. <u>Lehman Bros. v. Shein</u>, 416 U.S. 386, 391 (1974); <u>Nieves on behalf of Nieves v. University of Puerto Rico</u>, 7 F.3d 270, 275 (1st Cir. 1993). "Certification is generally appropriate when the legal question is novel and the state's law on the question is unsettled." <u>Hungerford v. Jones</u>, 988 F. Supp. 22, 25 (D.N.H. 1997). When, however, state law is sufficiently clear to guide the federal court's prediction of its course, certification is an inappropriate burden on the state's highest court. <u>Armacost v. Amica Mut. Ins. Co.</u>, 11 F.3d 267, 269 (1st Cir. 1993).

This court and other courts in this district have repeatedly interpreted the exclusivity provision of New Hampshire's workers' compensation statute, in light of New Hampshire Supreme Court decisions, to bar claims against an employer seeking damages for emotional distress. <u>See, e.g.</u>, <u>Censullo v. Brenka Video</u>, 989 F.2d 40, 43 (1st Cir. 1993); <u>Frechette v. Wal-Mart Stores</u>, 925 F. Supp. 95, 99 (D.N.H. 1995); <u>Bourque v. Bow</u>, 736 F. Supp. 398, 404 (D.N.H. 1990); <u>Brewer v. K. W. Thompson Tool Co.</u>, 647 F. Supp. 1562, 1565 (D.N.H. 1986). Given the well-established legal precedent in this district, and no contrary intervening decisions by the New Hampshire Supreme Court, the court declines to exercise its discretion to certify plaintiff's proposed question to the New Hampshire Supreme Court.

10

C.  Defendant's Motion to Dismiss

Defendant moves to dismiss plaintiff's claims for wrongful discharge and intentional infliction of emotional distress. Because defendant has filed an answer, the motion to dismiss is more properly considered as a motion for judgment on the pleadings.  See Fed. R. Civ. P. 7(a) and 12(c); see also Cooper v. Thomson Newspapers, Inc., 6 F. Supp. 2d 109, 112 (D.N.H. 1998).  The standard for motions pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) are essentially the same. Collier v. Chicopee, 158 F.3d 601, 602 (1st Cir. 1998) (citing Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 470 n.2 (7th Cir. 1997)).  In both cases, the court affords "a generous standard of appraisal," accepting all factual allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor.  Collier, 158 F.3d at 602; Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991).  Therefore, judgment will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).

11

1.  Wrongful Discharge Claim

Defendant argues that plaintiff's wrongful discharge claim should be dismissed because it is based on a claimed violation of New Hampshire's Whistleblowers' Protection Act, New Hampshire Revised Statutes Annotated ("RSA") Chapter 275:E. Defendant contends that the statutory rights preclude plaintiff's common law cause of action. Defendant also argues that because plaintiff did not exhaust administrative remedies provided by the statute she is barred from maintaining her wrongful discharge claim here. In addition, defendant moves to dismiss plaintiff's claims for personal injuries including emotional distress.

As plaintiff points out, the statute explicitly preserves common law causes of action. Section 275-E:5 provides: "No Effect on Bargaining or Common Law Rights. This chapter shall not be construed to diminish or impair either the rights of a person under any collective bargaining agreement or any common law rights." RSA 275-E:5 (Supp. 1997). Plaintiff alleges in support of her wrongful discharge claim that defendant's decision to fire her violated the policy of the Whistleblower's Act. Plaintiff does not bring a claim under the Whistleblowers' Act. Cf. Soltani v. Smith, 812 F. Supp. 1280, 1297-1300 (D.N.H. 1993) (plaintiff's claim under the act barred for failure to exhaust administrative remedies). Therefore, plaintiff's wrongful discharge claim is not barred either by the Whistleblowers'

12

Protection Act or by her failure to exhaust administrative remedies under the Act.  See <u>Bonczar v. Suburban Propane Gas Corp.</u>, No. 94-68-B, slip op. at 13 (D.N.H. Sept. 30, 1996).

Plaintiff's claims for personal injury caused by wrongful discharge are barred by RSA 281-A:8.  <u>See, e.g.</u>, <u>Frechette</u>, 925 F. Supp. at 99.  Accordingly, her claims against defendant for personal injury are dismissed.

2.  <u>Intentional Infliction of Emotional Distress</u>

Because RSA 281-A:8 bars actions against a plaintiff's employer for personal injuries, including emotional distress, defendant is entitled to judgment in its favor on plaintiff's intentional infliction of emotional distress claim.

## Conclusion

For the foregoing reasons, plaintiff's motions to join (document no. 24.1), to amend (document no. 32), and to certify a question (document no. 37) are denied. Defendant's motion to dismiss (document no. 13) is granted as to plaintiff's claim for intentional infliction of emotional distress and for personal injuries due to wrongful discharge, but is otherwise denied as to plaintiff's claim for wrongful discharge.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

January 7, 1999

cc:  Paul A. Rinden, Esquire
     John J. A. Schrepfer, Esquire
     Lawrence M. Edelman, Esquire